```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
  MICHELLE BOYER,                                            :
                                      Plaintiff,             :
                                                             :      22 Civ. 7992 (LGS)
                   -against-                                 :
                                                             :              ORDER
  THE STOP & SHOP SUPERMARKET                                :
  COMPANY LLC, ET AL.,                                       :
                                     Defendants.             :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 19, 2022, Defendants filed a notice of removal (the "Notice") (Dkt. No. 1).

WHEREAS, the Notice refers to removing "Defendants," plural. This appears to refer to Defendant The Stop & Shop Supermarket Company LLC and Defendant Stop & Shop. The Notice alleges that the third, non-diverse Defendant has been dismissed from the case and presumably does not join in the removal, nor could it as a New York citizen. *See* 28 U.S.C. § 1441(b)(2). However, the Notice addresses the citizenship of only one allegedly diverse Stop & Shop Defendant, and it is not clear which one is being addressed or whether Defendant(s) maintain that the two Stop & Shop entities are actually the same entity.

WHEREAS, assuming that the allegedly diverse Defendant is a limited liability company, its citizenship depends on the citizenship of its member(s). While the Notice alleges the current citizenship of Defendant's sole member -- a corporation with citizenship in Delaware and Massachusetts -- the Notice fails to allege its citizenship "both at the time the original action is filed in state court and at the time removal is sought to federal court." *Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) (summary order); *see also United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298,

301 (2d Cir. 1994).  It is unlikely but not impossible that a Defendant's citizenship has changed in the ten months since this case was filed, and federal courts "are not free to speculate on the citizenship of" parties for purposes of removal.  *CenterMark*, 30 F.3d at 302.

WHEREAS, the Notice of Removal also alleges that this action was not removable when it was initially filed or until the non-diverse Defendant was dismissed pursuant to a motion for summary judgment.  Again it is possible, but by no means certain, that an exception applies to the general rule that "the involuntary dismissal of non-diverse parties does not make an action removable."  *Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38, 40 n.2 (2d Cir. 1980); *accord Correnti v. Bertram D. Stone Inc.*, No. 13 Civ. 3698, 2013 WL 5231863, at *5 (S.D.N.Y. July 17, 2013).

WHEREAS, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (internal quotation marks omitted).

WHEREAS, a District Court may *sua sponte* remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal, and may *sua sponte* remand a case at any time for lack of subject matter jurisdiction.  *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006); *see Valentin v. Dollar Tree Stores, Inc.*, No. 21 Civ. 3647, 2021 WL 2852039, at *1 (S.D.N.Y. July 8, 2021).

WHEREAS, if a "notice of removal and the underlying state-court record failed to establish whether the parties to this action were completely diverse," the district court should "remand[] the case to state court."  *Platinum-Montaur*, 943 F.3d at 618.  It is hereby

**ORDERED** that the matter is remanded to state court. Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Opinion and Order to the Supreme Court of the State of New York, Bronx County. The Clerk of Court is further directed to close the case.

Dated: September 21, 2022
       New York, New York

                                                    LORNA G. SCHOFIELD
                                           UNITED STATES DISTRICT JUDGE